**LAW OFFICE OF ROGER W. FRAZIER**
2525 East Broadway Blvd., Suite 200
Tucson, Arizona 85716
Tel:  (520) 882-4294
Fax:  (520) 882-2853
Roger W. Frazier, SBN 012146
roger@frazierlawaz.com

**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Stepheny Robinson, for herself and as next friend and natural mother of G.B., a minor, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| The TJX Companies, Inc., a foreign corporation; TJX Companies, Inc. FlexPLus Benefits Plan; HG AZ Merchants, LLC, an Arizona limited liability company; Blue Cross Blue Shield of Massachusetts, Inc., a foreign corporation, | |
| Defendants. | |

For her Complaint, Stepheny Robinson, alleges,

1. This suit arises from the failure of Plaintiff's co-employers The TJX Companies, Inc. ("TJX") and HG AZ Merchants, LLC ("Merchants") to process her timely requests and actions to add her newborn child, G.R., to its medical plan, and therefore leading Defendant Blue Cross Blue Shield of Massachusetts, Inc. ("BCBS"), to deny ERISA health benefits that G.R. would have been entitled to.

**PARTIES**

2. Plaintiff Stepheny Robinson ("Robinson" or "Plaintiff") is a resident of Pima County, Arizona and was a resident of Pima County and an employee of co-employers The TJX Companies, Inc., and HG AZ Merchants, LLC, at the time of

all the events alleged in this complaint, and is the next friend and natural mother of G.R, who was born in Pima County, Arizona in February, 2019.

3. Defendant The TJX Companies, Inc. ("TJX"), FlexPlus Benefits Plan ("the Plan") provided health care benefits for employees of TJX in Pima County, Arizona at all times material to the claims in this matter, and caused events to occur in Pima County, Arizona out of which the Plaintiff's claims in this matter arise.

4. Defendant TJX is a foreign corporation that does, and at all material times relevant to the acts or omissions alleged in this complaint did do, business in Pima County, Arizona, including under a Division called Home Goods, and is the Plan Sponsor and Plan Administrator of the Plan, and was a co-employer with HG AZ Merchants, LLC ("Merchants") of Plaintiff Robinson in Pima County, and caused events to occur in Pima County, Arizona out of which the claims in this matter arise.

5. Defendant HG AZ Merchants, LLC ("Merchants"), is an Arizona limited liability company who was a co-employer of Plaintiff in Pima County, Arizona at the relevant times herein, and caused events to occur in Pima County, Arizona.

6. Defendant Blue Cross Blue Shield of Massachusetts, Inc. ("BCBS"), is a foreign corporation, is the administrator of medical benefits under the Plan, and Pima County, Arizona is where the benefits of the plan were to be received.

**JURISDICTION AND VENUE**

7. The Court's jurisdiction is based on the Employer Retirement and Income Security Act of 1974 ("ERISA") and in particular, 29 U.S.C. § 1132(a)(1)(B) and (e) and (f).

8. Tucson, Arizona is where Plaintiff would have and should have received benefits, and venue is proper in the District of Arizona, Tucson Division, pursuant to 29 U.S.C. 1132(3)(2), LRCiv 77.1(a), and 28 U.S.C. § 1391.

**FACTS**

9. Plaintiff was employed by Defendant TJX working at its Home Goods Division in Tucson, Arizona from on or about July 17, 2017 until TJX terminated her on or about July 17, 2019.  Defendant Merchants was a co-employer with TJX of Plaintiff at all times relevant to her employment related to this action.

10. While she was employed by TJX, Plaintiff was a participating member in TJX's FlexPlus Benefits Plan, which from the time she initially enrolled in in Plan in 2017, included medical benefits for herself and her spouse.

11. The Plan was established for the exclusive benefit of eligible associates and their eligible spouses and dependent children of the operating divisions, subsidiaries and the corporate office of TJX.

12. Changes to enrollment could occur only during an annual open enrollment, which in this case was in August of each year, or when a qualifying life event, including birth of a child, occurred.

13. The Plan allowed for the addition of a new child for medical benefits if notice was provided to any of three recipients, which are  designated as HR XPRESS, "your Benefits Department", or via Employee Self Service Systems (ESS), within 30 days of the child's birth, and by providing required documentation within 30 days of the notice date.

14. In February, 2019, Plaintiff gave birth to G.R. in Tucson, Arizona.

15. After notice and required documentation are given as stated in the Plan, medical benefit coverage for the new child becomes effective pursuant to the Plan as of the date of the child's birth.

16. Within 30 days of giving birth to G.R., Plaintiff gave notice of the birth for purposes of adding the child to the medical benefits policy, by telephone to the person in TJX' local human resources office who was identified to Plaintiff as the person who handles benefits and who would be the person to give notice of the birth for purposes of adding the child as a covered dependent under the Plan.

17. A person at TJX's human resources office advised Plaintiff that Plaintiff needed to obtain and submit a copy of the G.R's birth certificate.

18. To obtain the birth certificate, Plaintiff had to await the assignment of the child's social security number, but eventually a copy of the birth certificate was obtained and submitted well within the 30 days of the telephonic notice of the birth to the person Plaintiff spoke to previously about adding G.R. to the Plan.

19. When Plaintiff took the birth certificate to TJX' human resources' office, she was advised that the person she had been dealing had gone home for the day, so Plaintiff left the birth certificate there with someone else, and advised that person what it was and who it was for.

20. The day after leaving the birth certificate at the human relations office, Plaintiff spoke to the benefits representative on the telephone, who confirmed receipt of the certificate, and stating that nothing further needed to be done.

21. G.R. had encountered some early medical complications that required a prolonged stay and medical attention and a prolonged hospital stay.  A claim was submitted to BCBS for these and other services.

22. In a Summary of Health Payments stating a summary date of 3/22/19 for a statemen period 03/21/19 – 03/22/19, and which Plaintiff did not receive until after that time, BCBS denied the claim, advising Plaintiff that "Benefits are not available because according to our records, the patients [sic] coverage was not in effect on the date services were performed.  If you have questions, please contact

your employer's benefit office for your enrollment information." Just below that notice was another notice that said, "Have Questions? Call the number on your ID card."

23. After receiving the Summary of Health Plan Payments with the Summary date of 3/22/19, Plaintiff's spouse called the BCBS number on his and Plaintiff's card, and was told by BCBS that there was nothing BCBS could do, and that this had to be worked out with the employer.

24. Hearing what BCBS said to her spouse, Plaintiff contacted her HR department, and upon explaining what BCBS had said, the person in HR told her that because she did not sign a form, the child was not added. This was the first time that Plaintiff had even been told she needed to complete a form.

25. Plaintiff was also informed by the person at HR that because by the time of this inquiry, it was too late to add the child under the exception to the open enrollment date, nothing could be done and that Plaintiff would have to wait until open enrollment, which was not until August, 2019, to add the child.

26. The amount of the claim that was denied was $79,965.00.

27. Although plan documents provide an appeal and grievance procedure, they are permission or reasonably could be read to be permissive, such that exhaustion of internal remedies is not required in this case.

28. Even if exhaustion was required, exhaustion would be futile because BCBS informed Plaintiff via her husband, who was also an insured beneficiary under the same plan, that there was nothing BCBS could do, and that the issue had to be worked out with the employer, and that thereafter the employer's human resources agents said nothing could be done.

29. Based on the foregoing, all necessary conditions precedent were met or were waived.

**CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132((a)(1)(B)**

30. Plaintiff hereby incorporates each and every allegation set forth above in paragraphs 1-29 as though so forth again herein.

31. The human resources personnel with whom Plaintiff dealt in attempting to add G.R. as a beneficiary for medical benefits under the Plan were the co-employers' Benefits Department, and under the federal common law for ERISA claims were agents of the co-employers, and of the Plan, Plan Administrator, and ultimately, of BCBS for purposes of assuring that eligible beneficiaries were added when requirements were met, as they were in this case.

32. Plaintiff had a right to rely on the human resources personnel with whom she dealt in trying to add G.R. as a beneficiary for medical benefits, to the extent to obtaining what was needed from her after she gave notice to them of the birth of G.R.

33. Plaintiff timely notified agents in her employers' Benefits Department and followed instructions from those agents serving as the representatives of the Benefits Department and did what they told her to do, and the Plan documents do not instruct that she should have done anything independently nor differently than she did, nor do they state that she is required to complete a form or identify any such form in addition to notifying her Benefits Department of the birth and providing documentation other than what was requested of her.

34. Plaintiff timely provided G.R.'s the only documentation she was requested to provide, a birth certificate, and she was not instructed to do anything else by the human resources agents she spoke to, nor did the plan documents require that she do anything further in order for G.R. to be added.

35. The agents' failure in this case either to tell Plaintiff what additional documentation may have been necessary caused Plaintiff and G.R. to be denied benefits due them under the terms of the Plan in an amount no less than $79,965.00, in violation of 32 U.S.C. § 1132(a)(1)(B), for which the Plan and BCBS must make Plaintiff whole.

36. The Plan and BCBS are jointly and separately liable to Plaintiff for G.R.'s medical bills that should have been covered under the Plan's medical benefits had the agents whose actions are imputed to the Plan and BCBS for the loss stated, and any additional amounts that may be owing as a result of non-payment to date of judgment.

37. That Plaintiff is entitled to reasonable attorney's fees, costs and prejudgment interest under 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff Stepheny Robinson, requests the following relief:

a. Relief in actual damages for the full amount of insurance proceeds that would have been due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B), in an amount no less than $79,965.00;

b. Prejudgment interest under 29 U.S.C. § 1132(g);

c. Post-judgment interest;

d. Attorney's fees under 29 U.S.C. § 1132(g);

e. Costs of suit;

f. Any other relief deemed appropriate by the Court.

DATED this 23rd day of March, 2020.

LAW OFFICE OF ROGER W. FRAZIER

By: /s/ Roger W. Frazier
　　Roger W. Frazier
　　Attorney for Plaintiff

1  ORIGINAL of the foregoing electronically filed
   this 23rd day of March, 2020, with the Clerk,
2  U.S. District Court, District of Arizona

3  By: /s/ Roger W. Frazier
4  _____